UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN VELEZ (83-A-6764),                  **DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL AND INTERPRETER**

                Plaintiff,

v.                                            08-CV-00806(M)

JOHN BURGE, SUPERINTENDENT
ELMIRA CORRECTIONAL FACILITY,
C.O. RUSSELL HARTKE AND C.O. JOEL BRUNER,

                Defendants.
_____

       This case was referred to me by Hon. Richard J. Arcara for supervision of any and all proceedings in accordance with 28 U.S.C. §636(c) [21].[1] Before me is plaintiff's motion for appointment of counsel and an interpreter [13]. For the following reasons, plaintiff's motion is DENIED, without prejudice.

## BACKGROUND

       Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action alleging, *inter alia*, that defendants subjected him to excessive force, denied him due process and denied him programs and necessary medical care while he was kept in SHU from June 13, 2007 until October 3, 2007. Amended Complaint [7].[2] Plaintiff filed a motion for appointment of counsel in conjunction with his *in forma pauperis* application and initial complaint [3]. Because plaintiff was required to file an amended complaint, his motion for appointment of counsel was denied

---

[1] Bracketed citations refer to the CM/ECF docket entries.

[2] Although Jane Doe and Brian Fisher were named as defendants in the amended complaint, they were dismissed. Order dated April 1, 2009 from Hon. Michael A. Telesca [8].

without prejudice as premature. Order dated November 17, 2008 from Hon. Michael A. Telesca [6]. Following the filing of plaintiff's amended complaint, he moved for appointment of counsel and an interpreter [13].

## ANALYSIS

**A.     Appointment of Counsel**

Plaintiff moves for appointment of counsel pursuant to 28 U.S.C. §1915(e) because his "primary language is Spanish," and the court "has found that a cognizable claim has been initiated against plaintiffs [*sic*]"   Plaintiff's Affidavit  [14], ¶¶ 5 and 7.

There is no constitutional right to appointed counsel in civil cases.  However, under 28 U.S.C. §1915(e), the Court may appoint counsel to assist indigent litigants. *See*, *e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F. 2d 22, 23 (2d Cir. 1988). The decision as to whether or not to assign counsel lies clearly within the court's discretion. *See* In re Martin-Trigona, 737 F. 2d 1254, 1260 (2d Cir. 1984).  The factors to be considered include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the indigent has the ability to present the case; (5) whether the legal issues involved are complex; and (6) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *See* Hendricks v. Coughlin, 114 F. 3d 390, 392 (2d Cir. 1997). *See also* Carmona v. United States Bureau of Prisons, 243 F. 3d 629, 632 (2d Cir. 2001).

I must consider the issue of appointment of counsel carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., Inc., 877 F. 2d 170, 172 (2d Cir. 1989). Therefore, I must first look to the "likelihood of merit" of the underlying dispute, Hendricks, supra, 114 F. 3d at 392, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona, supra, 243 F. 3d at 632 (denying counsel on appeal where petitioner's appeal was not frivolous, but nevertheless appeared to have little merit).

Plaintiff has not shown that he is incapable of investigating the facts of this case or conducting discovery. While plaintiff's claims may not be frivolous, there is no strong indication that the claims are likely to have merit. Therefore, plaintiff's motion for appointment of counsel is denied without prejudice at this time.

If and when discovery reveals that the plaintiff's claims may be meritorious, he may reapply for counsel. However, at this time, it remains plaintiff's responsibility to retain an attorney or to prosecute this action *pro se*. 28 U.S.C. §1654. In order to assist plaintiff in pursuing this case *pro se*, the clerk of the court is directed to send plaintiff the court's booklet entitled "*Pro Se* Litigation Guidelines".

**B.     Request for an Interpreter**

Plaintiff argues that he "does not have an adequate command of the English language so as to fully understand another person nor is he able to convey his thoughts to others

in the English language so that he could be fully understood." Plaintiff's Affidavit [15], ¶7. Although plaintiff was granted *in forma pauperis* status, "there is no specific statute which authorizes the court to appoint an interpreter in civil *in forma pauperis* actions." Mendoza v. Blodgett, 1990 WL 263527, * (E.D. Wash. 1990). Thus, "generally, *pro se* civil litigants have no entitlement to an interpreter or translator." Fessehazion v. Hudson Group, 2009 WL 2596619, *2 (S.D.N.Y. 2009), reconsideration granted on other grounds, 2009 WL 2777043.

My review of the record in this case demonstrates that plaintiff has sufficient proficiency with the English language to prosecute the claims asserted in the complaint. Although English may not be plaintiff's primary language, there is no indication that plaintiff is unable to understand or communicate with the court or defendant. Accordingly, plaintiff's motion for an interpreter is denied, without prejudice.

## CONCLUSION

For these reasons, plaintiff's motion [13] is DENIED, without prejudice.

**SO ORDERED**.

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: October 20, 2009