UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

| | |
|---|---|
| JOHN VELEZ, 83A6764, | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| v. | 08-CV-0806(A)(M) |
| C.O. HARTKE, C.O. BRUNER, and SUPERINTENDENT BURGE, | |
| Defendants. | |

———————————————————

## INTRODUCTION

Plaintiff has moved for leave to file a Second Amended Complaint [34].[1]  This motion, being dispositive, has been referred to me by Hon. Richard J. Arcara for a Report and Recommendation [21].[2]  For the following reasons, I recommend that plaintiff's motion be denied.

---

[1]  Bracketed references are to the CM/ECF docket entries.

[2]  "Although the Court of Appeals for the Second Circuit has not ruled on whether a motion to amend a pleading is properly classified as dispositive or nondispositive, the weight of authority within this Circuit classifies a motion to amend a pleading as a non-dispositive pre-trial motion." Smith v. Goord, 2007 WL 496371, *2 (W.D.N.Y. 2007) (Siragusa, J.). See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) "On the other hand, some district courts in this circuit have held that a denial of a motion to amend is dispositive in situations where the denial is based on futility, because such a motion is analyzed under the same standard as a motion to dismiss for failure to state a claim or a motion for summary judgment, both of which are dispositive motions." Children First Foundation, Inc. v. Martinez, 2007 WL 4618524, *4 (N.D.N.Y. 2007). Therefore, erring on the side of caution, I will treat the motion to amend as dispositive to the extent that I recommend denying it, in part, on futility grounds.

## BACKGROUND

Plaintiff's Amended Complaint seeks to recover damages pursuant to 42 U.S.C. §1983 against defendants Joel Bruner, John Burge and Russell Hartke arising from his incarceration at the Elmira Correctional Facility ("Elmira"). Amended Complaint [7]. Among the causes of action asserted in the Amended Complaint, plaintiff alleged that defendant Burge violated his due process at his disciplinary hearing in violation of the Fourteenth Amendment. Report and Recommendation [33], p. 3.

By Report and Recommendation dated March 22, 2011, I recommended that defendants' motion for summary judgment be granted [33]. In resolving defendants' motion, I did not have to resolve plaintiff's due process claim against defendant Burge because plaintiff conceded that it be dismissed for lack of personal involvement. Id., p.4. My Report and Recommendation noted that "Captain Hughes presided over plaintiff's disciplinary hearing, but is not named as a defendant" [33], p. 5 n.5.

Shortly before the expiration of the objection period to the Report and Recommendation, plaintiff moved for leave to amend the Amended Complaint and for an extension to file objections [34].[3] Plaintiff seeks to add a due process claim against Captain Hughes. Id., p. 1; Proposed Second Amended Complaint [39].[4] According to plaintiff, he "has no command of the English language" and that the papers he has submitted have been prepared

---

[3] Plaintiff's motion was granted by Judge Arcara to the extent it sought an extension to file objections [36, 43].

[4] Although plaintiff seeks leave to amend, which would supersede the Amended Complaint in its entirety, the proposed Second Amended Complaint only states a cause of action against Captain Hughes [39].

by other inmates. Id. With assistance from another inmate, plaintiff prepared the Amended Complaint, but "never authorized [the] ommission [*sic*]" of Captain Hughes as a defendant. Id.

## ANALYSIS

A "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. ("Rule") 15(a)(2). However, "'[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009), cert. denied, 131 S.Ct. 795 (2010).

"Where, as here, a scheduling order governs amendments to the complaint, . . . 'the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Id., 334-335. *See* Carnrite v. Granada Hospital Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y.1997) (Arcara, J.) ("A party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b); then, if good cause can be shown, the party must demonstrate that the amendment is proper under Rule 15(a)"). Whether good cause exists turns on the 'diligence of the moving party.'" Id., 335.

The deadline for amending pleadings and joining other parties expired on October 21, 2009, nearly 18 months ago. Case Management Order [18], ¶2  In defendants' August 2010 Memorandum of Law in support of their Motion for Summary Judgment, they highlighted plaintiff's failure to name Captain Hughes as a party: "[T]he references in the complaint to Superintendent Burge indicate that there is no direct involvement by the defendants in the due process claim as the hearing was conducted by Captain Hughes *who is not a party to this action*."

.
.

Defendants' Memorandum of Law [24], Point IV (emphasis added).  Despite this, plaintiff did not seek leave to add Captain Hughes as a party until after I issued my Report and Recommendation recommending that defendants' motion for summary judgment be granted. Under these circumstances, I conclude that plaintiff was not diligent in seeking leave to add Captain Hughes as a defendant, and therefore has not demonstrated good cause to excuse his failure to timely move to amend.

Even assuming that plaintiff could overcome the Rule 16 hurdle, I would still conclude that leave to amend be denied at this late stage of the case.  Defendants argue that plaintiff should not be granted leave to amend because the motion was "made in bad faith with a dilatory motive", and it would be futile to permit the amendment, which is time-barred. Defendants' Memorandum of Law [37], p. 4.

Without addressing whether plaintiff's actions were undertaken in bad faith or with a dilatory motive,  I conclude that it would be futile to permit the amendment because the claims against Captain Hughes are time-barred. The statute of limitations for Section 1983 actions is three years.  *See* <u>Soto v. Brooklyn Correctional Facility</u>, 80 F.3d 34, 35 (2d Cir.1996). Because the due process claim against Captain Hughes arose in or about June 2007, his claims are time-barred, unless he can avail himself of the relation back doctrine encapsulated in Rule 15(c).  Proposed Second Amended Complaint [39], ¶¶9-15.

It is unassailable that the proposed amendment arises from the same conduct, transaction, or occurrence as the claim originally asserted.  However, "because it names a new defendant, under Rule 15(c)(1)(C), the court must consider (1) whether Plaintiff made a mistake concerning the identity of a proper party and (2) whether the new defendant would suffer

prejudice due to lack of timely notice." Peralta v. Donnelly, 2009 WL 2160776, *4 (W.D.N.Y. 2009) (Siragusa, J.).

Plaintiff alleges that he prepared the Amended Complaint with the assistance of another inmate, but "never authorized [the] ommission [*sic*]" of Captain Hughes. Plaintiff's Motion [34], p. 1. Thus, he was not confused about the identity of Captain Hughes or the need to name him as a defendant. Under these circumstances, it cannot be said that plaintiff made a mistake concerning the identity of the proper party. "Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), *but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake*." Barrow v. Wethersfield Police Department, 66 F.3d 466, 470 (2d Cir. 1995), modified by, 74 F.3d 1366 (2d Cir. 1996) (emphasis added). *See* Brown v. Mewar, 2011 WL 573566, *6 (W.D.N.Y. 2011)( Foschio, M.J.), adopted by 2011 WL 891403 (Skretny, J.) ("there can be no doubt that when Plaintiff filed the Complaint . . . , Plaintiff was aware that Dr. Gibson was the dentist who examined Plaintiff . . . , such that Plaintiff's failure to name Dr. Gibson as a defendant was not the result of mistaken identity, and Plaintiff's failure to name Dr. Gibson as a defendant 'must be considered a matter of choice, not mistake'").

"The general rule is that if state law 'affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.'" Murphy v. West, 533 F.Supp.2d 312, 316 (W.D.N.Y., 2008) (Larimer, J.). Under New York's more lenient "mistake" requirement, "a plaintiff who named John Doe defendants can amend the complaint to name new defendants, even after the statute of limitations period has run, if the plaintiff acted in

good faith and took steps to obtain the information within the limitations period." Peralta, 2009 WL 2160776 at *5. However, that is not the case here.  Therefore, I also conclude that plaintiff's motion for leave to amend be denied as futile.

## CONCLUSION

For these reasons, I recommend that plaintiff's  motion for leave to amend [34] be denied.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by May 31, 2011 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of the Local Rules of Civil Procedure for the Western District of New York, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or

identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

**SO ORDERED.**

DATED:     May 13, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
